To,

The Honorable Michael P. Shea,

United States District Court – District of Connecticut

450 Main Street

Hartford, CT 06103

November 9, 2020

Re: **Pal v. Canepari, et.al.** (Case No. 3:20-cv-00013-MPS)

Dear Judge Shea,

  I respectfully submit my position regarding the discovery dispute, which is also the subject of Motion for Protective Order and to Compel (Document #63) in this matter.

1. I have already provided the required discovery that the defendants seek and should not be required to repeatedly provide the same discovery. I have submitted an affidavit (Exhibit 1 to Motion for Protective Order and to Compel (Document #63) in this matter. The affidavit is attached to this letter. On or about July 20th I mailed the requested materials to the defendants. To reassemble all of these materials is burdensome for various reasons including that some or all of the materials are in storage, and not currently accessible for various reasons including the ongoing COVID pandemic.

2. There is no discovery order in place since the rule 26(f) conference did not take place. The defendants filed a joint 26(f) report without permitting me to fully participate; as a result I was forced to file a 26(f) report separate from the defendants. The Court has not ruled on this.

3. There is no "fourth amended complaint" as defendants claim. It is the identical (third) amended complaint, which was pending as a motion to file, and which the Court ruled upon, permitted me to file, and which I did. This is clearly stated on the filed (amended) complaint.

4. The defendants have filed multiple, repetitious motions for clarification, none of which the Court has granted. Hence it is impossible for me to file any clarifications which the defendants seek.

5. Much of the discovery that the defendants seek is overbroad, unrelated to the complaint and/or any possible defenses, which remain a mystery since no answer or defenses have been filed yet. Also, much of the discovery that defendants seek is duplicative and was already provided and

obtained by defendants in the matter of Pal v. Cipolla et. al., (Case No. 3:18-cv-00616-MPS) which is also pending before this Court.

7. Defendants seek DCF files solely for the purpose of obtaining personally identifiable information relating to my children, who are not parties to this matter. This is so that defendants can continue to harass, intimidate and threaten them, in an effort to dissuade me from prosecuting this and any future complaints. Defendnats seem particularly intent on threatening my child who witnessed Wilton Police officer Robert Cipolla stealing money and jewelry from my home on May 29, 2015. This Court already has information related to the incident in the matter of Pal v. Cipolla et. al. (Case No. 3:18-CV-00616-MPS), where a motion for summary judgment is pending. The sole issue regarding DCF is that the defendants in this matter of Pal v. Canepari et. al. made a false an untimely complaint about me to DCF, and that complaint was transferred to and fully investigated by the State of New York, where I resided with my children and family at the time that the false complaint was made. The results of that complaint, which was deemed unfounded, have already been provided to the defendants. I will not provide any broad release or authorization for defendants to obtain personal, identifiable information about my children, and I am not required to do so by law. That issue was briefed in Pal v. Cipolla and can be briefed in this matter if necessary.

To summarize, defendants are repeatedly seeking discovery that they have already obtained in an effort to avoid and delay filing an answer in this matter. I respectfully request that the Court order all defendants to answer the complaint, prohibit them from obtaining discovery that has already been provided, is overbroad, or is protected information, and issue a discovery order setting reasonable deadlines such that I am permitted to obtain discovery from defendants.

Truly

Neelu Pal, MD