# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

NEELU PAL,
    *Plaintiff*,

v.

MARK CANEPARI, *et al.*,
    *Defendants*.

No. 3:20cv13 (MPS)

## RULING

Neelu Pal, proceeding *pro se*, brings this civil rights action against various Wilton police officers, Wilton Volunteer Ambulance, and certain of its employees. Following this Court's November 24, 2020 discovery ruling, a flurry of discovery-related filings ensued. For the reasons stated herein, the plaintiff's objections to the court's ruling (ECF Nos. 68, 69, 76, 77) are overruled, the defendants' motions for sanctions (ECF Nos. 71, 72) are denied, the Wilton Police defendants' motion for an extension of time in which to respond to the plaintiff's discovery requests (ECF No. 79) is denied as moot, their subsequent motion for extension of time (ECF No. 85) is granted, and the case is referred to Judge Farrish for a discovery conference.

I. **Background**

In response to the parties' discovery dispute, on November 24, 2020, I ordered the plaintiff within 14 days to send defense counsel by mail or private courier unredacted responses to the interrogatories signed by the plaintiff under penalty of perjury and documents in response to the requests for production and to file a statement and tracking receipts on the docket attesting that she has done so. ECF No. 66. I further ordered the plaintiff "to provide an authorization to permit the defendants to obtain the relevant DCF records within 14 days of this order. Should the plaintiff instead wish to withdraw her claim regarding the false report to DCF, however, she may file within

14 days a one page statement on the docket expressly stating that she is withdrawing that claim." *Id.*

Plaintiff's deadline for compliance was December 8, 2020.

Plaintiff's Objections to the Court's Order

The plaintiff did not serve the discovery responses and authorization. Instead, on December 8, 2020, she filed "objections" to the Court's order. ECF Nos. 68, 69. The plaintiff objected to the Court's order that she provide an authorization to DCF on the grounds that records are confidential under state law and that disclosure would "endanger the safety of her children and family members." ECF No. 68. She stated she had mailed "limited authorizations." ECF No. 68 at 3.

In a separate filing, she objected to the Court's order that she produce discovery responses, maintaining, as she had previously (ECF No. 63), that she had provided "this discovery in the past." ECF No. 69. She further stated that she declined to "publicly disclose" tracking information. And finally, she requested two weeks in which to file an interlocutory appeal of the order or alternatively, to print out the discovery and "identify a low cost courier service or other secure means to deliver the discovery to the defendants."[1] ECF No. 69 at 2.

In addition to these "objections," on December 22, 2020, the plaintiff filed a "Motion to Amend or Alter Order of 11/24/2020 Pursuant to F.R.C.P. 59(E)" in which she requested that the Court "vacate, or otherwise alter its order" that she produce "broad, unlimited releases" to permit defense counsel to obtain records from the CT and NY DCF. ECF No. 77. She asserted, without more, that the defendants, "their agents and/or people acting behalf of Defendants have made threats to harm the minor children in an ongoing effort to intimidate Plaintiff into withdrawing or

---

[1] This request for extension of time was not docketed as a pending motion.

otherwise ceasing to prosecute her complaints and claims against the Defendants." ECF No. 77 at 3.

Motions for Sanctions

On December 10, 2020, the Wilton Ambulance defendants filed a motion for sanctions[2] under Rule 37 because they had not received copies of plaintiff's discovery responses. ECF No. 71. Defense counsel explained that in an effort to obtain the information, he had offered the plaintiff the option of emailing the information.

The Wilton police defendants also filed a motion for sanctions, stating that they had not received the CT and NY DCF authorizations and pointing to the plaintiff's statement in her objection that she would only provide limited authorizations. ECF No. 72. They asked the Court to sanction the plaintiff by dismissing her claims regarding the false report to DCF under Rule 37(b) or "imposing any other sanction" the Court deemed appropriate.

On December 13, 2020, the plaintiff filed a "Notice of Substantial Compliance" in which she represented that she had mailed her discovery responses to counsel. ECF No. 73. She stated that she did not post the tracking information on the docket as the Court had ordered because the discovery materials contained personally identifiable information and "[i]f the tracking numbers were publicly available, it would be easy for mail to be intercepted and for Plaintiff's protected information to be misused, including for the purposes of identity theft." ECF No. 73 at 3. Attached to her Notice were limited authorizations for CT and NY DCF. The CT DCF authorization was limited to (1) date, time and contents of report made by Arnault Baker to DCF during May 2018, and (2) date, time and name, and title of person transferring the report for further investigation to

---

[2] The Wilton Ambulance defendants did not specify the sanctions sought, stating that the Court should grant their motion and "order any forms of sanctions that justice so requires."

New York Office of Children and Family Services.  ECF No. 73-3, 73-4.  The New York DCF authorization was limited to (1) date that report was received/transferred to New York Office of Children and Family Services from Connecticut Department of Children and Families; (2) the identity of the reporter who transmitted the complaint from Connecticut Department of Children and Families to New York Office of Children and Family Services; and (3) the final disposition of the report by New York Office of Children and Family Services.  ECF Nos. 73-5, 73-6.  As to both entities, the plaintiff made clear that she did not authorize the release of any additional information.

On December 27, 2020, the plaintiff filed an "Opposition to Defendants' motion for sanctions and Plaintiff's countermotion for sanctions."  ECF No. 78.  She argued that the defendant's claim that she had not provided discovery responses was false.  According to the plaintiff, she sent the discovery in July, provided the same discovery again on December 12, 2020, and provided the discovery through an electronic depository on December 26, 2020.  She requests that the Court impose sanctions on the defendants for making false statement of not receiving discovery and grant "declaratory judgment" in her favor.  ECF No. 78 at 1.

In response, the Wilton defendants filed an opposition to the Plaintiff's motion for sanctions in combination with a renewed motion for sanctions.  ECF No. 80.  Pointing to the tracking information they received from the plaintiff, the defendants assert that the documents the Court had ordered the plaintiff to send in ECF No. 66 were not received by the United States Postal Service until December 21, 2020, and were not delivered to counsel until December 23, 2020.  They state that the plaintiff emailed counsel on December 26, 2020 "requir[ing] defense counsel to participate in a password protected electronic records depository containing certain documents responsive to the defendants' discovery requests with a deadline to access the documents expiring on Monday, December 28, 2020, within 48 hours of receipt."  They also assert that the DCF

authorizations are insufficient. In addition, they raise a new issue – that the plaintiff's medical authorizations (ECF No. 73-2) (1) improperly prevent the defendants from obtaining psychotherapy notes and (2) are limited to individual doctors and do not cover institutions where plaintiff claims to have received treatment and/or the medical institutions where the doctors may practice. ECF No. 80 at 3.

Plaintiff's Discovery Requests

On January 7, 2021, the Wilton police defendants filed a motion concerning discovery requests that the plaintiff had served on December 26, 2020. ECF No. 79. According to the defendants, the plaintiff's email containing her requests was encrypted such that counsel is unable to forward, print or copy the content. Defense counsel states that he requested that plaintiff provide her discovery requests in a manner he could copy, forward, and print but that she refused. They requested that the Court set "a date certain of Monday January 25, 2021 for them to respond to plaintiff's discovery requests and requests for admission." ECF No. 79.

On January 17, 2021, the plaintiff filed an opposition and a "countermotion" in which she states that she mailed her discovery requests via U.S. Mail on December 12, 2020 and that she (not the defendants) should be granted an extension of damage analysis and expert disclosure deadlines. ECF No. 84.

On January 21, 2021, the Wilton defendants filed a motion for extension until February 15, 2021 in which to respond to the plaintiff's discovery. ECF No. 85.

II.     Legal Authority

A trial court enjoys wide discretion in its handling of pre-trial discovery." *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992). "In voluntarily bringing a lawsuit, a plaintiff becomes subject to various responsibilities, including discovery obligations." *Palacio v. City of*

*New York*, No. 04 CIV. 1990, 2008 WL 7453608, at *8 (S.D.N.Y. Nov. 19, 2008). Discovery is designed "to proceed without the delay and costs caused by constant court involvement." *Raimey v. Wright Nat. Flood Ins. Co.*, 76 F. Supp. 3d 452, 473 (E.D.N.Y. 2014). The United States Court of Appeals for the Second Circuit has "'emphasize[d] the importance [it] place[s] on a party's compliance with discovery orders," and has warned that "'[a] party who flouts such orders does so at his peril.'" *Sieck v. Russo*, 869 F.2d 131, 133 (2d Cir.1989). "[A]ll litigants, including pro ses, have an obligation to comply with court orders." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 123 (2d Cir. 1988). Fed. R. Civ. P. Rule 37(b)(2)(A) provides for an array of sanctions if a party fails to comply with discovery orders.

III.    Discussion

As a preliminary matter, the Federal Rules of Civil Procedure do not provide for an "objection" to the ruling of a District Judge. As to the plaintiff's motion under Fed. R. Civ. P. 59(e) (ECF No. 77), the text of the rule makes plain that it concerns a "judgment, which is not at issue here."[3] The Court construes the plaintiff's submissions (ECF No. 68, 69, 77) challenging the Court's ruling (ECF No. 66) as falling under Local Rule 7(c), which governs motions for reconsideration.

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) ( "[a]

---

[3] Fed. R. Civ. P. 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

6

motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."). Motions for reconsideration must be filed and served within seven days from the filing of the decision or order from which relief is sought. D. Conn. L. Civ. R. 7(c)1.

Therefore, the plaintiff's objections, filed on December 8, 2020 and December 22, 2020, are untimely. But even if they were not, they do not meet the strict standard applicable to motions for reconsideration and are without merit.[4] As to the plaintiff's arguments concerning the DCF authorizations, the records at issue are not tangential to the litigation. They are clearly relevant to her claim that defendant Arnold Baker made a false report to CT DCF alleging that the plaintiff had neglected her children and that the NY DCF investigated it. The fact that state statutes protect such records and treat them as confidential does not prevent this Court from ordering the plaintiff to produce them in discovery. In addition, the Court observes that there is a standing protective order in place. ECF No. 5. Insofar as the plaintiff seeks the Court to reconsider its ruling, the Court denies this request and adheres to its ruling. If the plaintiff intends on pursuing the claim that Baker provided a false report, she is ORDERED to provide the defendants with a full, unrestricted authorization to permit them to obtain the relevant DCF records by January 25, 2021 and shall file a notice on the docket by that date that she has done so.

The plaintiff's objection to providing tracking information is overruled.

The plaintiff's failure to timely comply with the Court's order to serve her discovery responses is without justification and as the defendants correctly point out, exposes her to sanctions. Although a close call, at this juncture, the Court will not impose sanctions for the

---

[4]Plaintiff made a similar (and unsuccessful) argument in her earlier filed case. *See Pal v. Cipolla*, 3:18cv616, ECF No. 107.

plaintiff's delay in serving responses.  However, she is warned that she must comply with the federal and local rules of civil procedure and orders of this Court or face the imposition of sanctions, up to and including the imposition of attorneys' fees and costs reasonably incurred by defendants in attempting to obtain the missing discovery and, if necessary, dismissal of one or more claims in her complaint.  *See* Fed. R. Civ. P. 37.  The Court will not issue further warnings but will instead impose sanctions should the plaintiff fail to comply fully and promptly with its orders.

For these reasons, the plaintiff's objections (ECF Nos. 68, 69) are overruled and her motions to alter judgment (ECF Nos. 76, 77) are denied.  The defendants' motions for sanctions (ECF Nos. 71, 72) are denied.  The Wilton defendants' motion for an extension of time until February 15, 2021 in which to respond to the plaintiff's discovery requests (ECF No. 85) is granted and their earlier motion for an extension of time (ECF No. 79) is denied as moot.  Insofar as the plaintiff requests an extension of deadlines (ECF No. 84), the request is denied without prejudice for failure to comply with Local Rule 7.

The case is referred to Judge Farrish for a discovery conference including resolution of the defendants' claims concerning the plaintiff's healthcare authorizations (ECF No. 80).  The Court's referral of this case for a discovery conference will not excuse the plaintiff from complying with the orders set forth in this ruling.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            January 21, 2021