# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| NEELU PAL, *Plaintiff*, v. MARK CANEPARI, *et al.*, *Defendants*. | No. 3:20cv13 (MPS) |

## ORDER ON MOTION TO AMEND

The Court assumes familiarity with the procedural history of this case. Pal has filed a motion [ECF No. 198] for leave to file an amended complaint [ECF No. 199] that would be the operative unified complaint for the two consolidated actions Pal has brought concerning the May 5, 2018 incident. The defendants object. ECF Nos. 201, 209, 219. The defendants argue that the proposed complaint does not comply with the Court's order [ECF No. 170] in various respects, notably because the complaint includes additional factual allegations, a new claim of malicious prosecution, and a new defendant, Nuvance Health Inc., the entity that owns Norwalk Hospital, one of the original named defendants, and is the employer of the defendant EMTs.

It is true that the Plaintiff failed to adhere to the Court's instructions and Defendants rightly criticize Pal's noncompliance. The Court is constrained, however, to review the motion for leave to amend under the "liberal" and "permissive" standard of Rule 15(a)(2). *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotations marks and citation omitted). Under Rule 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may properly deny leave to amend for "futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "The decision whether to grant leave to amend

is within the sound discretion of the District Court." *Prose Shipping Ltd. v. Integr8 Fuels Inc.*, No. 21-CV-341, 2022 WL 280456, at *2 (S.D.N.Y. Jan. 31, 2022).

The Defendants argue that they would be "unduly prejudiced" if the proposed complaint is accepted because "they would be forced to answer for new allegations and causes of action that were not previously part of the record in this case." ECF No. 201 at 7. *See also* ECF No. 209 (Ambulance defendants will be "unduly prejudiced . . . in having to start from scratch with Rule 12 Motions that includes many allegations and claims made for the first time."); ECF No. 219 at 5 (Hospital defendant stating same).

"The burden is on the party opposing the motion to establish that granting such leave would be unduly prejudicial." *Champion v. Kirkpatrick,* No. 918CV1498, 2019 WL 4451255, at *3 (N.D.N.Y. Sept. 17, 2019) (internal quotation marks and citations omitted). Prejudice results when the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. New York City Department of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)). "Whether a party had prior notice of a claim and whether the new claim arises from the same transaction as the claims in the original pleading are central to this determination…. Moreover, the procedural posture of a case, including the stage of discovery and whether dispositive motions have been filed, may also be weighed." *Connecticut Light & Power Co. v. USIC Locating Servs., LLC*, No. 3:20CV403(CSH), 2021 WL 3127071, at *4 (D. Conn. July 22, 2021) (internal quotation marks and citations omitted). "[A]llegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice. . . . Similarly, an adverse party's burden of

undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Id.* (alterations, quotation marks and citations omitted).

Here, the additional allegations all arise from the same incident as in the prior pleadings. As to the additional party, Pal points out that it is the owner of defendant Norwalk Hospital and was the subject of discovery requests. The procedural posture of this case also weighs in favor of granting the motion. When the motion for leave was filed, discovery was still ongoing and the Court had not adjudicated any dispositive motions.[1] *See Scott v. Chipotle Mexican Grill, Inc*., 300 F.R.D. 193, 200 (S.D.N.Y. 2014) ("A court is more likely to find an amendment prejudicial if discovery has closed."). The defendants have not met their burden of showing that they will suffer undue prejudice and accordingly, the motion for leave to amend [198] is granted.

The proposed Sixth Amendment Complaint, which appears on the docket as ECF No. 199, shall be the operative complaint in this action.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         March 24, 2022

---

[1] Although the Defendants urge the Court to do so, the Court declines to deny the motion on the grounds that Pal included claims, i.e., count 1, and defendants, i.e. the John Doe defendants, that the Court previously addressed. Such deficiencies can be subsequently addressed by the Court.