UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NEELU PAL, *Plaintiff* v. MARK CANEPARI, *ET AL.*, *Defendants*. | : | 3:20-CV-13 (SFR) |

## PROPOSED SUPPLEMENTAL VOIR DIRE QUESTIONS

Now, I am going to ask you another series of questions. Before asking them, I am going to provide you with some background information on this case.

This is a civil lawsuit. The party who brings a civil lawsuit is called the plaintiff. In this case, the Plaintiff is Neelu Pal. A party who is sued is called a defendant. In this case, Plaintiff asserts claims against three sets of defendants: (1) the Wilton Defendants, including Mark Canepari, Arnault Baker, Brandon Harris, and the Town of Wilton; (2) the Ambulance Defendants, including Joseph Bryson, Drew Kennedy, and Wilton Volunteer Ambulance; and (3) the Hospital Defendants, including Harry Downs, and Norwalk Hospital.

Ms. Pal contends that on May 5, 2018, Wilton Police Officers responded to a 911 call at her home. After arriving at Ms. Pal's home, responding officers handcuffed Ms. Pal and placed her in a police car. Ms. Pal claims that the way that Mark Canepari and Brandon Harris handcuffed her caused pain and injury to her wrists and constituted excessive force in violation of federal and state law. She claims Arnault Baker failed to intervene to prevent the use of excessive force. Later, the responding officers summoned a Wilton ambulance. Ms. Pal alleges

that she was assaulted in the ambulance by the responding EMTs Joseph Bryson, Drew Kennedy, and Harry Downs. Ms. Pal was then transferred to Norwalk Hospital. Ms. Pal also alleges that Mark Canepari defamed her by reporting facts within his police report that Pal says are untrue. Pal similarly contends that Joseph Bryson, Harry Downs, and Drew Kennedy defamed her by including facts she says were untrue in their incident report and in a conversation with medical staff at Norwalk Hospital. Ms. Pal asserts her claims directly against all of these individuals, and contends that the Town of Wilton, Norwalk Hospital, and Wilton Volunteer Ambulance are liable for any wrongful conduct by their employees.

Defendants deny Plaintiff's claims.

I am now going to introduce you, by name generally, to the attorneys, parties, and witnesses in this case.

1. Does anyone know the Plaintiff, Ms. Neelu Pal?
2. The Plaintiff is representing herself in this lawsuit. This fact must not affect your consideration of the case. Self-represented parties and parties represented by an attorney are entitled to the same fair consideration. Does anyone anticipate having difficulty giving the same fair consideration to a self-represented litigant as they would give someone who is represented by counsel?
3. Does anyone know the individual Defendants, Mark Canepari, Arnault Baker, Brandon Harris, Joseph Bryson, Drew Kennedy, or Harry Downs?
4. Does anyone have business dealings with the Town of Wilton, Wilton Volunteer Ambulance, or Norwalk Hospital?
5. There are three groups of attorneys representing the Defendants in this action. I am going to ask about each group of attorneys.

a. The Wilton Defendants are represented by James Tallberg and Andrew Glass of the law firm of Karsten & Tallberg. Does anyone know Mr. Tallberg or Mr. Glass or have any business dealings with the law firm of Karsten & Tallberg?

b. The Ambulance Defendants are represented by Sharon Baldwin, of the law firm of David Hill & Associates. Does anyone know Ms. Baldwin or have any business dealings with the law firm of David Hill & Associates?

c. The Hospital Defendants are represented by Patrick Mullins of the law firm of Cotter, Cotter & Mullins. Does anyone know Mr. Mullins or have any business dealings with the law firm of Cotter, Cotter & Mullins?

6. Now, other than what I told you a moment ago about this case, does anyone know anything about this case or is familiar with this case at all, whether from a news account or any other source?

7. Does anyone know anyone else in the jury pool here today?

8. Now, I am going to read a list of names of individuals who may be mentioned during trial or who may be witnesses in the case. If anyone knows or knows anyone who knows of any of the following people, please raise your hand:

Alexander Kiefer, MD
Andrew E. Caputo, M.D.
Anuj Malhotra, MD
Anna Tornello
Arnault Baker
Bennett Goss MD
Brandon Harris
Carolla Dollard, OT
Child 1
Child 2
Christina Latona, RN
Christine Latona RN
Diana Joy, DO

Drew Kennedy
Edward Gundy, MD
Eva Zimnoch
Harry Downs
Jack Mogrovejo RN
Jaqueline Flooks RN
Jeffrey O. Berman, MD
Jeffery Berman MD
Jill Edgar PhD
John Lynch
Joseph Bryson
Joseph Rosenbaum, MD
Kerry Ebert, OT
Lynne Vanderslice
Mark Canepari
Mary Sweeney, PA-C
Maxwell Hoddwells
Michelle Lee
Miraim Ambalu MD
Neelu Pal, MD
Peter Cordeau
Alexander N. Rafailov, MD
Robert Cipolla
Robert Kluk
Scott Sear
Stacy Serebnitsky MD
Stephen D. Sarfaty, Psy.D.
Steven Zawacki
Sunil Yadav
Suzy S. Shukovsky
Tuvana Bain, MD
Urmila Pal

9. Does anyone have any personal feelings or experiences concerning law enforcement that would in any way affect his or her ability to be fair and impartial in this case?

10. Some of the Defendants in this case are officers with the Wilton Police Department, and this case will involve testimony from Wilton Police Department officers. Does anyone have any views about the Wilton Police Department, or about law enforcement

generally, whether federal, state, or local, that would affect your ability to be fair and impartial in hearing and deciding this case?

11. Are you or any of your relatives, friends, or members of your family connected with law enforcement, a state police agency, a federal law enforcement agency, or any other agency that may be affiliated with law enforcement?

12. Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a law enforcement officer or other government witness merely because they are employees of or are testifying on behalf of the government?

13. Some of you indicated that you, or someone close to you worked as a lawyer or attended law school: Is there anything about your relationship with these individuals or your understanding as to the work that they do that would make it difficult for you to be fair and impartial if selected as a juror?

14. Has anyone or someone close to them ever been a victim of, witness to, or accused of a crime, any crime?

15. Has anyone or someone close to them ever been arrested or witnessed an arrest?

16. Each Defendant in this case is to be treated separately. The case is being tried together because I have permitted Ms. Pal to assert all of her claims against all Defendants in the same trial. You will be asked to return separate verdicts as to each defendant, and your verdicts as to each should not control your verdict as to the other. Do you believe you will have any problem following this instruction?

17. Does anyone have any moral, philosophical, ethical, religious or any other beliefs, including beliefs about race, gender, or national origin, whether an explicit or implicit bias, which might affect your ability to hear and decide this case fairly and impartially,

and by that, I mean render a verdict based on the evidence and applying the relevant legal standard to the evidence?

18. Is there anyone who, if they disagreed with the law or the jury instructions as the Court provides them, or thought the law should be interpreted differently, might not be able to be fair and impartial in hearing and deciding this case?
19. In a civil case, the Plaintiff has the burden of proving her case by a preponderance of the evidence. That means the Plaintiff in this case must produce evidence that leads you to believe that her claim is more likely true than not. Does anyone know of any reason or have any belief that would affect your ability to follow that instruction on the law?
20. Because this is a civil case, if the Plaintiff prevails in proving her claim, the Defendants may be liable to the Plaintiff in damages. If damages are to be awarded, I will instruct you on the law to follow on damages. Does anyone know of any reason or have any belief that would affect your ability to follow my instructions on damages, if you find a party liable for damages?
21. If selected as a juror, does anyone have any problem following my instruction that they are not to discuss this case with anyone, read anything about this case or any of the subject matter involving it and not engage in any social media activities regarding this case, such as posting on Facebook, X (a.k.a. Twitter), Instagram, Snapchat, TikTok, or any such media outlet, until their service as a juror has concluded?
22. Through my questioning, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. But only you know whether there is something else I did not mention that I should have asked about. I am going to ask you to put yourself in the position of the lawyers, of the Court, and of the parties.

If you were sitting in my place or in the place of the lawyers or the parties, is there any reason to be concerned that a juror like yourself could not be fair and impartial in this case? In other words, aside from everything that has already been asked and discussed, does anyone know of any reason why he or she could not serve on this jury?