**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NEELU PAL,<br><br>Plaintiff,<br><br>v.<br><br>MARK CANEPARI, *ET AL.*,<br><br>Defendants. | : | 3:20-CV-13 (SFR) |

## PROPOSED LIMITING INSTRUCTIONS

### A. Dismissed Claims

Members of the jury, as I explained to you at the beginning of trial, one of Ms. Pal's claims is that Wilton Police Department officers Canepari, Harris, and Baker violated her right to be free from excessive force in the manner in which they handcuffed her on May 5, 2018. You are going to also hear evidence concerning other interactions between Ms. Pal and these defendants that occurred both before and after she was handcuffed. You will hear evidence that Canepari, Harris, and Baker visited Ms. Pal's home after a 911 call on May 5, 2018, that they entered her home, that they handcuffed her, and that they called an ambulance to take her to Norwalk Hospital. This evidence has been admitted for the limited purpose of giving you a full picture of what occurred among these parties on May 5, 2018, and helping you understand the information that Canepari, Harris, and Baker had at the time that Ms. Pal was held in handcuffs so that you can evaluate Ms. Pal's claim that Canepari, Harris, and Baker violated her rights in the manner in which they handcuffed her.

You may not consider this evidence for any other purpose. You might agree or disagree with the decision to handcuff Ms. Pal in the first instance, as well as any of the other decisions made by these officers in the time before and after Ms. Pal was in handcuffs. But you should not let those opinions substitute for analyzing the claim actually before you in this trial. I will repeat again: you should focus on whether, in applying handcuffs, the amount of force used was in violation of the law.

**B. Prior Incident**

Members of the jury, throughout this trial you will hear references to an incident in 2015 between Ms. Pal, officers of the Wilton Police Department, and EMTs. You will also hear references to a lawsuit Ms. Pal brought relating to that 2015 incident called *Pal v. Cipolla*. You are not being asked to determine what happened during this incident in 2015 or whether that previous lawsuit had any merit. Instead, your focus is on events that occurred on May 5, 2018. The incident in 2015 did not involve the same police officers or EMTs as the incident on May 5, 2018. The police officers and EMTs who were defendants in that previous case are not the same police officers and EMTs who are Defendants in the present case.

You may consider the fact that there was a prior lawsuit only for a limited purpose. In particular, you may consider whether any of the Defendants in the present case had knowledge on May 5, 2018 of Ms. Pal's prior lawsuit and, if so, whether that knowledge makes any of Ms. Pal's claims in the present lawsuit more or less probable.

In addition, you may consider Ms. Pal's allegations about what happened in 2015 only for a limited purpose. In particular, should you find any of the Defendants in the present case liable for their actions on May 5, 2018, you may consider in assessing Ms. Pal's claim for damages her psychological history prior to May 5, 2018, which includes her allegations

relating to psychological injury from the 2015 incident. I will provide you with further instructions relating to the elements of Ms. Pal's claims and the assessment of damages at the close of evidence in this case.

You cannot hold it against Ms. Pal that she previously sued police officers and EMTs. Similarly, you cannot hold it against the Defendants in the present case that other police officers and EMTs were previously sued.

As I stated in the opening instructions, your role is to determine whether Plaintiff has proven her claims by a fair preponderance of the evidence based on the evidence you hear in court and the instructions as I will give them to you.

**C. Use of Transcript**

During the trial, you will be shown transcripts of audio recordings. The transcripts are being shown to you as a guide to assist you in listening to the recordings. However, the transcripts themselves are not evidence. Therefore, when the recordings are played, I advise you to listen very carefully to the recordings themselves. You alone should make your own determination of what was said, based on what you hear. If you think you heard something different than what appears in the transcript, then what you heard is controlling. You should disregard anything you see in the transcript that you do not confirm is on the recording, even if your inability to make that confirmation is solely because that portion of the recording is unintelligible. It is for you alone to decide if the transcripts are correct in terms of the speakers they identify and in terms of what was said and what inferences to draw from anything that you hear on the recordings. Let me say again, you, the jury, are the sole judges of the facts.