UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NEELU PAL, *Plaintiff* | : | |
| v. | : | 3:20-CV-13 (SFR) |
| MARK CANEPARI, *ET AL.*, *Defendants*. | : | |

**PROPOSED VERDICT FORM (REVISED 9/17/2026)**

# LIABILITY

## SECTION 1983 EXCESSIVE FORCE

1. Has Ms. Pal proven by a preponderance of the evidence that any or all of the following Defendants violated her Fourth Amendment right to be free from the use of excessive force? Please indicate your answer for each Defendant.

   a. Mark Canepari Yes________________ No________________

   b. Brandon Harris Yes________________ No________________

   *If you answered "Yes" as to Question 1(a) or 1(b), proceed to Questions 2. If you answered "No" as to Question 1(a) and 1(b), proceed directly to Question 3 below.*

2. Has Ms. Pal has proven by a preponderance of the evidence that Arnault Baker failed to intervene to prevent Ms. Pal from being subjected to excessive force in violation of the Fourth Amendment?

   a. Arnault Baker Yes________________ No________________

## ASSAULT AND BATTERY: POLICE OFFICERS

3. Has Ms. Pal proven by a preponderance of the evidence that any or all of the following Defendants is liable for assault? Please indicate your answer for each Defendant.

   a. Mark Canepari Yes________________ No________________

   b. Brandon Harris Yes________________ No________________

4. Has Ms. Pal proven by a preponderance of the evidence that any or all of the following Defendants is liable for battery? Please indicate your answer for each Defendant.

   a. Mark Canepari Yes________________ No________________

   b. Brandon Harris Yes________________ No________________

## SEXUAL ASSAULT AND BATTERY: AMBULANCE DEFENDANTS

5. Has Ms. Pal proven by a preponderance of the evidence that any or all of the following Defendants is liable for assault? Please indicate your answer for each Defendant.

a. Joseph Bryson Yes_______________ No_______________

b. Harry Downs Yes_______________ No_______________

c. Drew Kennedy Yes_______________ No_______________

6. Has Ms. Pal proven by a preponderance of the evidence that any or all of the following Defendants is liable for battery? Please indicate your answer for each Defendant.

a. Joseph Bryson Yes_______________ No_______________

b. Harry Downs Yes_______________ No_______________

c. Drew Kennedy Yes_______________ No_______________

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS: POLICE OFFICERS**

7. Has Ms. Pal proven by a preponderance of the evidence that any or all of the following Defendants is liable for intentional infliction of emotional distress? Please indicate your answer for each Defendant.

a. Arnault Baker Yes_______________ No_______________

b. Mark Canepari Yes_______________ No_______________

c. Brandon Harris Yes_______________ No_______________

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS: POLICE OFFICERS**

8. Has Ms. Pal proven by a preponderance of the evidence that any or all of the following Defendants is liable for negligent infliction of emotional distress? Please indicate your answer for each Defendant.

a. Arnault Baker Yes_______________ No_______________

b. Mark Canepari Yes_______________ No_______________

c. Brandon Harris Yes_______________ No_______________

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS: AMBULANCE DEFENDANTS**

9. Has Ms. Pal proven by a preponderance of the evidence that any or all of the following Defendants is liable for intentional infliction of emotional distress? Please indicate your answer for each Defendant.

a. Joseph Bryson Yes________________ No________________

b. Harry Downs Yes________________ No________________

c. Drew Kennedy Yes________________ No________________

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS: AMBULANCE DEFENDANTS**

10. Has Ms. Pal proven by a preponderance of the evidence that any or all of the following Defendants meet the elements for negligent infliction of emotional distress? Please indicate your answer for each Defendant.

a. Joseph Bryson Yes________________ No________________

b. Harry Downs Yes________________ No________________

c. Drew Kennedy Yes________________ No________________

11. *If you answered "Yes" to Question 10(a), 10(b), or 10(c), please answer the following question.* Have Joseph Bryson, Drew Kennedy and/or Harry Downs proven that they are eligible for the Good Samaritan Law?

a. Joseph Bryson Yes________________ No________________

b. Harry Downs Yes________________ No________________

c. Drew Kennedy Yes________________ No________________

12. *If you answered "Yes" to Question 11(a), 11(b), or 11(c), please answer the following question.* Has Ms. Pal established that Joseph Bryson, Drew Kennedy and/or Harry Downs acted with gross, willful, or wanton negligence such that they are liable for Ms. Pal's claim for negligent infliction of emotional distress?

a. Joseph Bryson Yes________________ No________________

b. Harry Downs Yes________________ No________________

c. Drew Kennedy Yes________________ No________________

**<u>LIBEL PER SE: MARK CANEPARI</u>**

13. Do you find that Ms. Pal has proven by a preponderance of the evidence that Mark Canepari committed the civil tort of libel per se?

Yes________________ No________________

*If you answered "Yes" to Question 13, proceed to Question 14. If you answered "No" to Question 13, proceed to Question 15.*

14. Do you find that Mark Canepari has proven by a preponderance of the evidence that the complained-of statement was made in good faith in the discharge of a public duty?

Yes________________ No________________

**<u>LIBEL PER SEAND LIBEL: AMBULANCE DEFENDANTS</u>**

15. Do you find that Ms. Pal has proven by a preponderance of the evidence that Joseph Bryson committed the civil tort of libel?

Yes________________ No________________

16. Do you find that Ms. Pal has proven by a preponderance of the evidence that Harry Downs committed the civil tort of libel per se?

Yes________________ No________________

**<u>NEGLIGENCE BY TOWN OF WILTON</u>**

17. Do you find that Ms. Pal has proven by a preponderance of the evidence that the Town of Wilton is liable for negligence based on the negligent actions or inactions of any or all of the following Defendants?

a. Arnault Baker Yes________________ No________________

b. Mark Canepari Yes________________ No________________

c. Brandon Harris Yes________________ No________________

**GOVERNMENTAL IMMUNITY**

*Please answer the following questions only if you found that Ms. Pal has proven her claim of negligent infliction of emotional distress as to Arnault Baker, Mark Canepari, Brandon Harris, or if you found that that Ms. Pal has proven by a preponderance of the evidence that the Town of Wilton is liable for negligence.*

18. Has Ms. Pal proven by a preponderance of the evidence that the "identifiable person, imminent harm" exception to governmental immunity applies as to Arnault Baker, Mark Canepari, and/or Brandon Harris, so as to defeat Defendants' governmental immunity defense?

a. Arnault Baker Yes_____________ No________________

b. Mark Canepari Yes_____________ No________________

c. Brandon Harris Yes______________ No________________

**VICARIOUS LIABILITY**

*Please answer the following questions only if you find that Ms. Pal has proven her claims of negligent infliction of emotional distress as to Joseph Bryson, Drew Kennedy, or Harry Downs.*

**Wilton Volunteer Ambulance Corp.**

19. Has Ms. Pal proven by a preponderance of the evidence that Wilton Volunteer Ambulance Corp. is vicariously liable for any negligent actions or inactions of any or all of the following Defendants?

a. Joseph Bryson Yes________________ No________________

b. Drew Kennedy Yes________________ No________________

**Norwalk Hospital**

20. Has Ms. Pal proven by a preponderance of the evidence that Norwalk Hospital is vicariously liable for any negligent actions or inactions of Harry Downs?

Yes________________ No________________

*Please proceed to the section labeled DAMAGES.*

## DAMAGES

***Complete this section only if you found that Ms. Pal has proven that any defendant is liable on any of Ms. Pal's claims. You should not complete this section if you have found that all defendants are not liable on all claims.***

## I. COMPENSATION FOR DEFENDANTS' INTENTIONAL ACTIONS

**Compensatory Damages as to conduct in connection with handcuffing:**

1. What amount of compensatory damages, if any, do you award Ms. Pal for injuries relating to handcuffing caused by Arnault Baker, Mark Canepari, and/or Brandon Harris in connection with Ms. Pal's claims of excessive force in violation of the Fourth Amendment, assault, battery, and intentional infliction of emotional distress?

Economic Damages: $______________________________

Non-Economic Damages: $______________________________

**Compensatory Damages in connection with sexual assault:**

2. What amount of compensatory damages, if any, do you award Ms. Pal for injuries relating to sexual assault caused by Joseph Bryson, James Drew Kennedy, and/or Harry Downs in connection with Ms. Pal's claims of assault, battery, and intentional infliction of emotional distress?

Economic Damages: $______________________________

Non-Economic Damages: $______________________________

**Compensatory Damages as to statements:**

3. What amount of general and special damages, if any, do you award Ms. Pal for injuries caused by Mark Canepari, Joseph Bryson, and/or Harry Downs in connection with Ms. Pal's claims relating to libel per se and libel?

General Damages: $______________________________

Special Damages: $______________________________

**Nominal Damages:**

4. If you determined that Ms. Pal is entitled to damages for her claim of excessive force in violation of the Fourth Amendment but you did not award Ms. Pal compensatory damages, you MUST award $1 in nominal damages.

$______________________________

5. If you determined that Ms. Pal is entitled to damages for her claims of libel per se and libel but you did not award Ms. Pal general or special damages, you MUST award $1 in nominal damages.

$______________________________

**Punitive Damages:**

6. If you determined that Ms. Pal is entitled to punitive damages, what amount of punitive damages do you find that Defendants should pay as a result of the use of **excessive force** in violation of Ms. Pal's Fourth Amendment rights?

   a. Arnault Baker: $___________

   b. Mark Canepari: $___________

   c. Brandon Harris: $___________

7. If you awarded Ms. Pal compensatory damages, have you determined Defendants should pay **punitive damages** as a result of her claims of **assault, battery, intentional infliction of emotional distress, libel per se and libel** in violation of Connecticut law?

Yes_______________ No_______________

*If you answered "Yes," do not set an amount. The Court will establish the amount.*

## II. COMPENSATION FOR DEFENDANTS' NEGLIGENT ACTIONS

*If you have found in favor of Ms. Pal on her claims of* ***negligence*** *(as to the Town of Wilton) or* ***negligent infliction of emotional distress*** *(as to Arnault Baker, Joseph Bryson, Mark Canepari, Brandon Harris, or Drew Kennedy), please answer the following questions.*

8. Under the law, a plaintiff is entitled to be compensated for an injury proximately caused by illegal conduct, but a plaintiff may not recover compensatory damages twice for the same injury. Once an award of compensatory damages has been determined for an injury, there may not be additional compensatory damages for that same injury. Accordingly, you may award additional compensatory damages on the claims of negligent infliction of emotional

distress and/or negligence, beyond what you have awarded for the related claims of excessive force in violation of the Fourth Amendment, assault, and battery, only to the extent that you find some injury that has not been compensated by the award of damages on the related claims. Do you find that an award of compensatory damages for Ms. Pal's claims of negligence and negligent infliction of emotional distress is necessary to provide compensation for an injury that has not been compensated by an award of damages on a related claim?

a. Handcuffing: Yes________________ No________________

b. Sexual Assault: Yes________________ No________________

*If your answer is "No" as Question 7(a) and (b) please sign and date this verdict form.*

9. If your answer is "Yes" to Question 8(a), what amount of compensatory damages do you award Ms. Pal for injuries relating to handcuffing caused by Arnault Baker, Mark Canepari, and/or Brandon Harris in connection with Ms. Pal's claims of negligent infliction of emotional distress and/or negligence?

$__________________

10. If your answer is "Yes" to Question 8(b), what amount of compensatory damages do you award Ms. Pal for injuries relating to sexual assault caused by Joseph Bryson, James Drew Kennedy, and/or Harry Downs in connection with Ms. Pal's claims of negligent infliction of emotional distress.

$__________________

11. In considering Ms. Pal's injuries for negligent infliction of emotional distress and/or for negligence in connection with handcuffing, do you find that Defendants have proven that some or all of Ms. Pal's injuries were caused by her own negligence?

Yes________________ No________________

*If you answered "Yes," please proceed to Question 12. If you answered "No," please sign and date this verdict form.*

12. Considering all parties—including Ms. Pal—whose negligence you have found to be a proximate cause of Ms. Pal's injuries in connection with handcuffing, please state the percentage of negligence attributable to each party. If a defendant is not liable, you should list 0 next to that defendant's name. **The percentage must total one hundred percent.**

a. Neelu Pal: ____________%

b. Arnault Baker: ___________%

c. Joseph Bryson: ___________%

d. Mark Canepari: ___________%

Total: 100 %

13. Considering all parties—including Ms. Pal—whose negligence you have found to be a proximate cause of Ms. Pal's injuries in connection with the sexual assault in the ambulance, please state the percentage of negligence attributable to each party. If a defendant is not liable, you should list 0 next to that defendant's name. **The percentage must total one hundred percent.**

a. Neelu Pal: ___________%

b. Joseph Bryson: ___________%

c. Harry Downs: ___________%

d. Drew Kennedy: ___________%

Total: 100 %

**YOUR ANSWERS MUST BE UNANIMOUS**

*Please double check your answers above and then have your Foreperson sign and date the verdict form. You should notify the marshal that you have reached a verdict. Your completed Verdict Form will then be returned to the Court.*

______________________________ ___________________

Foreperson Date